# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cr-224-FDW-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DAVID LEE YOUNG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the following motions by Defendant: "Pro Se Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," (Doc. No. 38); "Pro Se Motion for Leave to Submit," (Doc. No. 42); "Pro Se Motion for Amendation or Supplementation Pursuant to Federal Rules of Civil Procedure Rule 15(c) and or Rule 15(d) Respective to Motion to Modify Sentence," (Doc. No. 43); and "Pro Se Amended Motion to Modify Sentence, Alternatively, Motion for Sentence Reduction Pursuant to U.S.S.G. Amendment 801, 18 U.S.C. §§ 3582(c)(2), 3353, and 3661," (Doc. No. 44).

Here, Defendant pled guilty to transportation of and aiding and abetting the transportation of child pornography by computer, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. §§ 2252(A)(a)(5)(B) and (b)(2). (Criminal Case No. 3:15-cr-224-FDW-DSC, Doc. No. 26: Judgment). Defendant's base offense level was 22. He received a two-level enhancement to his sentence pursuant to U.S.S.G. § 2G2.2(b)(2), because the material involved a prepubescent minor or minor who had not attained the age of twelve years; a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(F), because Defendant distributed videos containing child pornography to authorities acting in an undercover capacity, and he also stored images of child pornography on a shared drive that could be

1

accessed by others; a four-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), because the offense involved material portraying sadistic or masochistic conduct or other depictions of violence; a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6), because the offense involved the use of Defendant's laptop computer and internet service for the possession, transmission, receipt and distribution and for accessing with intent to view child pornography; and a five-level enhancement to his sentence pursuant to U.S.S.G. § 2G2.2(b)(7)(D), which provides for a five-level enhancement if the offense involved 600 or more images. Defendant's adjusted offense level was 37, and he received a three-level reduction for acceptance of responsibility, for a total offense level of 34. With a criminal history category of I, Defendant's guidelines range for imprisonment was 151 to 188 months.

On June 27, 2016, this Court sentenced Defendant to 132 months of imprisonment after granting Defendant a downward variance. Judgment was entered on July 8, 2016. (Id.). Defendant appealed, but he later moved to voluntarily dismiss the appeal, and the Fourth Circuit Court of Appeals granted the motion and dismissed the appeal on October 19, 2016. On December 15, 2016, Defendant filed a motion "pursuant to 18 U.S.C. § 3582(c)(2) and 1B1.10(c) of the Sentencing Guidelines to reduce his sentence based upon new Amendments to the Sentencing Guidelines to 2G2.2 which became effective for retroactive application on November 1, 2016, concerning a sentence reduction which deals with 2G2.2 Child Pornography offenses and/or enhancement that involved the element of distribution." (Doc. No. 38 at 1). Defendant contends that "[a]pplying the applicable provisions of the Guidelines as if they would have existed on the date of the Defendant's sentencing hearing, the 5-level reduction under the new Amendments to the Sentencing Guidelines would have reduced further the Defendant's calculated range of 32 to a range as low as 27," resulting in a sentencing guidelines range of 70

to 80 months.  (Id. at 2).  Defendant amended the motion on April 30, 2018, to add the specific argument that Amendment 801, enacted on November 1, 2016, provides for a reduction in his sentence.  (Doc. No. 44).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify a term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Defendant seeks a reduction of his sentence under Sentencing Guideline Amendment 801, which became effective November 1, 2016.  Amendment 801 amended the language in the child pornography guidelines at U.S.S.G. § 2G2.2(b)(3) to "address[ ] differences among the circuits involving application of the tiered distribution enhancements in § 2G2.2[.]"  The circuits have reached different conclusions regarding the mental state required for application of the two-level enhancement for "generic" distribution as compared to the 5-level enhancement for distribution not for pecuniary gain."  U.S. Sentencing Guidelines Manual, Suppl. to App. C, Amendment 801 (U.S. Sentencing Comm'n 2016).

The Sentencing Commission did not make Amendment 801 retroactive to convictions occurring prior to November 1, 2016.  See U.S.S.G. § 1B1.10; United States v. Childs, 709 Fed. Appx. 284, 2018 WL 400737 (5th Cir. Jan. 12, 2018) (stating that the district court was not authorized to reduce defendant's sentence under Amendment 801 because the Amendment was not listed as retroactively applicable under U.S.S.G. § 1B1.10(d)).  Defendant was sentenced on June 27, 2016.  Amendment 801 therefore does not apply to his conviction.[1]

---

[1] In any event, it does not appear that Defendant's sentence was enhanced pursuant to U.S.S.G. § 2G2.2(b)(3).  As noted, the PSR indicates that his sentence was enhanced by five levels pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

**IT IS, THEREFORE, ORDERED** that Defendant's "Pro Se Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," (Doc. No. 38), and Defendant's "Pro Se Amended Motion to Modify Sentence, Alternatively, Motion for Sentence Reduction Pursuant to U.S.S.G. Amendment 801, 18 U.S.C. §§ 3582(c)(2), 3353, and 3661," (Doc. No. 44), are **DENIED**.

**IT IS HEREBY ORDERED** that:

1. Defendant's "Pro Se Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," (Doc. No. 38) and "Pro Se Amended Motion to Modify Sentence, Alternatively, Motion for Sentence Reduction Pursuant to U.S.S.G. Amendment 801, 18 U.S.C. §§ 3582(c)(2), 3353, and 3661," (Doc. No. 44), are **DENIED**.

2. Defendant's "Pro Se Motion for Leave to Submit," (Doc. No. 42), and Defendant's Pro Se Motion for Amendation or Supplementation Pursuant to Federal Rules of Civil Procedure Rule 15(c) and or Rule 15(d) Respective to Motion to Modify Sentence," (Doc. No. 43), are **GRANTED**.

3. The Clerk is instructed to mail this Order to the Bureau of Prisons.

Signed: June 6, 2018

Frank D. Whitney
Chief United States District Judge