UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00224-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| (1) DAVID LEE YOUNG II, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's *pro se* Motion for Compassionate Release (Doc. No. 48) and *pro se* Motion for an Extension of Time to File Reply (Doc. No. 53). For the reasons which follow, Defendant's Motion for Compassionate Release is **DENIED,** and Defendant's Motion for Extension of Time is **GRANTED**.

**I. BACKGROUND**

Defendant was named in a four-count Indictment filed in the Western District of North Carolina on September 17, 2015. (Doc. No. 1). The Indictment charged Defendant with three count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and one count of possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Evidence and arguments presented through the Factual Basis (Doc. No. 11) and in open court show that Defendant used peer-to-peer software to repeatedly share multiple files depicting the sexual abuse of prepubescent minors. Federal agents executed a search warrant at his home in Charlotte, North Carolina on December 9, 2014. (Doc. No. 11). Defendant lived in the home with his parents. Defendant admitted to using a desktop computer and a laptop computer. He further

1

admitted to using peer to peer software to download and share files. Defendant claimed he did not search for child pornography but knew that it was on his computer and stored in folder that allowed other peer to peer users to access and download them.

A forensic examination of Defendant's devices showed that he used search terms indicative of child pornography. Four child pornography videos were on the desktop computer and 25 child pornography videos were on the laptop computer. (Doc. No. 11). The videos depicted the vaginal, oral, and anal rape of very young children. Id. For example, one video depicted a nude female child between the ages of 3-5 years old being made to perform various sex acts, including urination, rape and masturbation. Another video shows a prepubescent female forced to engage in sex acts with a dog. The videos ranges in length, including some that were more than 20 minutes long.

Defendant appeared in court on June 27, 2016 for sentencing. After assessing all of the factors listed in 18 U.S.C. § 3553(a), the Court varied below the advisory Guideline range, and sentenced Defendant to a term of imprisonment of 132 months and a term of supervised release of life. The Court varied to avoid unwarranted sentencing disparities, noting that Defendants' collection consisted mainly of adult pornography.

Defendant is currently serving his sentence at FMC Lexington. He has served approximately 59 months. With good conduct, his projected release date is February 2, 2025. During his time in FMC Lexington, he has not had any disciplinary issues. While serving his sentence, his medical conditions have been treated. A list of his health problems, both current and resolved, are attached as Government Exhibit 1. He is receiving medication for those ailments, and there is no indication that Defendant is unable to provide self-care in the facility.

On May 4, 2020, Defendant sent a request to be considered for compassionate release, citing his health problems and the risk associated with COVID-19. (Request to Warden, Govt. Ex.

2). Defendant indicated that, if released, he would live with his parent and had a job available to him. Id.  The Warden responded on May 28, 2020 that his request was being processed for further review. (Response to Inmate Correspondence, Govt. Ex. 3).

On May 27, 2020, Defendant filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that various health conditions, to include prediabetes, hypertension, and obesity may him vulnerable to becoming seriously ill from COVID and that he is more likely to contract COVID in prison than outside of prison. (Doc. No. 48).

**II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant's *pro se* motion (Doc. No. 48) contains a list of his alleged medical conditions which include hypertension, obesity, anemia, hyperlipidemia, hidradenitis suppurativa, pre-diabetes, and a depressive disorder. (Doc. No. 48, p. 6-7).  Defendant lists his medical conditions but provides no medical documentation from doctors as to how these medical conditions affect him personally in terms of the coronavirus.  A list of medical conditions by a defendant is insufficient to prove that the BOP is unable to manage the COVID-19 pandemic or that a defendant should be released.  At the present time, it is apparent that, but for the COVID-19 pandemic, Defendant would present no basis for compassionate release. His medical ailments are well-controlled and do not present any impediment to his ability to provide self-care in the institution.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

3

whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the danger is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

    (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

    (ii) The defendant is –

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; *see also* 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, generally by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

*Assuming, without deciding*, Defendant has satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief. Even if Defendant has satisfied the exhaustion requirement, the Court must still consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant's offense of conviction is a crime of violence per 18 U.S.C. § 3156— since children were violently violated in order to produce the images and videos that Defendant collected and shared. Defendant's crime was heinous. He was an active participant in an online market that freely shares images of children being abused. His collection included violent depictions of children, including some very young children, being sexually violated including rape and bestiality. The videos he collected, many of which were maintained in his shared folder where other could access him, were lengthy. The victims in those images and videos are real children who were harmed by Defendant's actions.

Defendant's age, medical condition or proposed living situation do not mitigate his dangerousness either. He had many medical conditions at the time he committed the crime and none of his current conditions would prevent him downloading or sharing child pornography again. Also relevant to the issue of dangerousness is that, while Defendant has been incarcerated, there is no evidence that he has been enrolled in or requested, sex offender treatment. Additionally, Defendant was living with his parents at the time he committed his crime so he would be returning to the same exact conditions in which he offended.

Accordingly, in light of Defendant's record and the totality of relevant circumstances, the Defendant's Motion for Compassionate Release (Doc. No. 48) is **DENIED**.

**IV. MOTION FOR EXTENSION OF TIME**

On September 9, 2020, Defendant filed his Motion for Extension of Time to File Reply. (Doc. No. 53). Due to an inadvertent delay, the Court **GRANTS,** *nunc pro tunc*, Defendant's Motion for Extension of Time to File Reply.

**III. CONCLUSION**

IT IS, THEREFORE, ORDERED for the reasons stated above, Defendant's *pro se* Motion

6

Case 3:15-cr-00224-FDW-DSC   Document 55   Filed 02/12/21   Page 6 of 7

for Compassionate Release (Doc. No. 48) is **DENIED** and his Motion for Extension of Time to File Reply (Doc. No. 53) is **GRANTED**.

IT IS SO ORDERED.

Signed: February 12, 2021

Frank D. Whitney
United States District Judge